## DeFraites v. Young Men's Christian Association

*Ballard, Spahr, Andrews & Ingersoll,* for plaintiff.
*John Paul Erwin,* for defendant.

WINNET, J., November 3, 1943.—This action is in trespass against defendant, Young Men's Christian Association, to recover damages for injuries sustained by plaintiff while a guest in a hotel operated by the association at 1421 Arch Street, Philadelphia. The statement of claim alleges that defendant, a nonprofit corporation, negligently maintained the first floor of its premises, causing plaintiff to fall. Defendant has filed an affidavit of defense raising questions of law, asserting that as an eleemosynary institution it is not liable in an action of negligence.

No court faced in the future with this question can do aught but pay homage to the masterly opinion of Mr. Justice Rutledge in Georgetown College v. Hughes, 130 F. (2d) 810 (1942). The doubts and confusion of the law of the past 100 years are there analyzed and dispelled. The many distinctions and qualifications to the general rule of immunity—a rule that "has become merely a relict in the multitude of departures"—

are each examined and their shallow bases exposed. With clarity, force, and logic Mr. Justice Rutledge concludes that a charitable institution is and must be liable for its torts. To differ with his reasoned and pragmatic answer would seem almost impious; to add to his opinion would be almost presumptuous.

Our duty, however, is not to declare what the law should be but what it is. Can we say that the law in Pennsylvania makes a charitable corporation liable for its negligence? We are faced with the decision of Betts v. Young Men's Christian Association of Erie, 83 Pa. Superior Ct. 545. There plaintiff, while trimming a Christmas tree in defendant's lobby, was injured through the fall of a large chandelier. The court concluded that defendant as a public charity could not be made responsible for the negligence of its servants, and the law of respondeat superior does not apply. On its facts the case is distinguishable from the present. There, it was not alleged that defendant was operating a business. Here it is stated that defendant was in the business of operating a hotel and plaintiff a guest therein. It has not been definitely determined in Pennsylvania that a charitable institution engaged in a commercial enterprise is not liable for its negligence. Many States have carved out an exception to the general rule in this respect. The authorities are all collected by Mr. Justice Rutledge and cited by him. There is strength for this exception in Young Men's Christian Association of Germantown v. Philadelphia, 323 Pa. 401. Mr. Justice (now Chief Justice) Maxey refused to give defendant the benefit of a tax exemption on the ground that it was using its property in a commercial enterprise. Of course, there was involved only the applicability of a taxing statute, and defendant was faced with the burden of making out a case clearly entitling it to the exemption. But the language of the decision gives clear warning against regarding only the purposes of a charitable institution in deter-

mining whether it is entitled to immunity as a charitable organization.

We prefer not to base our decision on this distinction. The time has arrived to declare that in Pennsylvania, too, the law is that a charitable organization is liable for its negligence. The law is never static. It reflects the progress and experience of its time.

"The felt necessities of the time, the prevalent moral and political theories, intuitions of public policy, avowed or unconscious, even the prejudices which judges share with their fellow-men, have had a good deal more to do than the syllogism in determining the rules by which men should be governed": Holmes, The Common Law, p. 1.

Charitable institutions these days are in many business ventures. Even when they are not they own and control property which is in daily contact with and may affect the lives of the citizens. They operate automobiles, hotels, apartment houses, properties, hospitals and many other ventures which are fraught with danger to the public. Paraphrasing Mr. Justice Rutledge, the Good Samaritan no longer rides an ass; he now operates trucks, ambulances, and automobiles, and must assume a social responsibility commensurate with the tempo of the times. Actually that responsibility has been assumed. Many hospitals, churches, and boys' clubs have protected themselves by liability insurance—as this very defendant has—as an indication of their social and legal responsibility.

The law in Pennsylvania now is as it should be. A charitable organization, such as this defendant, is liable for its negligence. The purposes and objectives of a person or a corporation should not enter into the consideration of its responsibility for wrongdoing. High as those purposes may be, such a person or corporation has a distinct life and in the conduct of that life it must observe the standards of reasonable conduct required of everyone. In the long run the char-

itable institution is more likely to be better run if it realizes that it must pay the penalty of its negligence.

"A negligently administered charity may aim at inducting us all into the Kingdom of Heaven, but it is socially essential to make it adequately careful of the methods employed": 31 Harvard L. Rev. 482.

Defendant as a charitable institution is liable for its negligence. The affidavit of defense raising questions of law is, therefore, dismissed.